**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES of AMERICA,**

       **Plaintiff,**          **CASE NO. 08-CR-20633**

  **vs.**                           **DISTRICT JUDGE PATRICK J. DUGGAN**

**JERRY LATIMORE and**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LUTHER GILFORD,**

       **Defendants.**
_____/

**ORDER DENYING DEFENDANT GILFORD'S EX PARTE MOTION FOR ISSUANCE OF SUBPOENAS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17 (DOCKET NO. 29)**

This matter comes before the Court on Defendant Gilford's Ex Parte Motion for Issuance of Subpoenas pursuant to Federal Rule of Criminal Procedure 17. (Docket no. 29). The motion along with the attached subpoenas duces tecum were filed on the electronic docket on September 29, 2009. The motion states that notice of the filing was not provided to parties indicated on the electronic filing receipt. No response to the motion has been filed. The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 30). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LCrR 12.1 and E.D. Mich. LR 7.1(e). The matter is ready for ruling.

Defendant Gilford is one of two individuals charged in a one-count Indictment alleging Theft of Trade Secrets and Aiding and Abetting in violation of 18 U.S.C. § 1832. On September 29, 2009 Defendant Gilford moved for an order permitting the issuance of four third party subpoenas duces tecum at government expense pursuant to Federal Rule of Criminal Procedure 17(b) and (c).

1

Through the subpoenas duces tecum Defendant Gilford seeks pretrial production of documents from the law firm of Driggers, Schultz & Herbst, American Axle & Manufacturing ("American Axle"), Veritas Global, LLC, and Visteon Corporation, the alleged victim. The subpoenas duces tecum direct the recipients to turn over requested documents to defense counsel before trial. (Docket no. 29).

Defendant Gilford argues in the instant motion that it is necessary that he receive subpoenaed materials before trial so he may prepare pretrial motions to suppress or motions in limine. He asserts in his motion that the documents he seeks are material and integral to his defense. The motion further states that because this Court found that Defendant Gilford qualified for financial assistance when it appointed him a federal defender as counsel, he is entitled to have the costs and fees associated with the issuance of the subpoenas and the production of documents paid for by the government.

Defendant Gilford filed his motion pursuant to Federal Rule of Criminal Procedure 17(b) and (c). Rule 17(b) requires a court to issue a subpoena to a trial witness at the government's expense if the defendant is indigent and the witness is necessary for an adequate defense. Rule 17(b) provides:

> (b) Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Rule 17(c) authorizes a party to issue a subpoena duces tecum. Under this subsection, the court has discretion to direct a witness to produce subpoenaed documents in court prior to trial for inspection by the parties and their attorneys. Fed.R.Cr.P. 17(c)(1). Rule 17(c) provides a

mechanism for the production and inspection of evidentiary material before trial for the purpose of expediting trial, but does not provide a means of discovery in criminal cases different from that already found in Federal Rule of Criminal Procedure 16. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *United States v. Nixon*, 418 U.S. 683, 697-700 (1974). Rule 17(c)(1) states:

> (c) (1) A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)(3) governs subpoenas duces tecum that request the production of personal or confidential material related to a victim. Rule 17(c)(3) provides:

> (3) After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

A party seeking to obtain pretrial document production by means of a subpoena duces tecum must show that the information he seeks is relevant, admissible, and specific. *United States v. Nixon*, 418 U.S. at 700. Courts have applied this standard to subpoenas duces tecum directed to third parties. *See United States v. Reyes*, 239 F.R.D. 591, 597 n.1 (N.D. Cal. 2006). Document production prior to trial pursuant to Rule 17(c) is warranted only where the proponent has established that (1) the requested documents are evidentiary and relevant; (2) the proponent cannot, even with due diligence, procure them; (3) the defendant cannot adequately prepare for trial without obtaining their production in advance; and (4) the request was made in good faith and is not a fishing expedition. *United States v. Hughes,* 895 F.2d 1135, 1146 (6th Cir.1990) (citing *United States v. Nixon,* 418 U.S. at 699).

The subpoenas duces tecum directed to the law firm of Driggers, Schultz & Herbst, American Axle, Veritas Global, LLC, and Visteon seek documents including: (1) tapes and transcripts of recorded conversations involving the Defendants; (2) communications with and documents provided to the government regarding Defendants or relating to the government's investigation and prosecution of the Defendants; (3) documents relating to investigations performed by American Axle, Huntington Research Associates ("HRA"), Driggers, Schulz & Herbst, or their attorneys or agents, and by Visteon relating to the allegations in the Indictment; (4) documents relating to or that were produced in the arbitration between American Axle and Visteon; (5) documents relating to American Axle's decision to inform the government of communications between American Axle, HRA, Charles Martell, and Defendant; (6) documents analyzing the propriety, legality, or merits of American Axle, HRA, or Charles Martell discussing the arbitration with Defendant Gilford; (7) the personnel files of James Majernik, Steve Keyes, Charles Martell, Defendant Latimore, and David Brian Piejak; (8) a list of documents exchanged in discovery in the arbitration or litigation between American Axle and Visteon; (9) documents analyzing whether documents given to American Axle, Charles Martell, or the FBI by Defendants was, would have been, or should have been produced in discovery by Visteon; (10) documents shared by Visteon with American Axle pursuant to the January 15, 1999 Long Term Supply Agreement; and (11) document retention policies in effect from December 23, 2003 through December 3, 2008.

In addition to the above, the subpoena duces tecum directed to Visteon also seeks (1) documents relating to the authority, responsibility and access of Defendant Latimore at Visteon with regard to the confidential documents and information at issue in the Indictment; (2) communications with American Axle regarding the allegations in the Indictment; (3) documents relating to the

4

circumstances under which a box of privileged documents were put in Defendant Latimore's work area a few days before his arrest; (4) documents showing the first date that Visteon learned of Defendant Latimore's identity in connection with the government's investigation of the facts alleged in the Indictment; (5) copy of Visteon's policy in effect in 2003 regarding document privacy, confidentiality, and trade secret status of documents; (6) documents analyzing whether documents given to American Axle, Charles Martell, or the FBI by Defendants were or were not trade secrets; and (7) documents containing information that Visteon claims is either confidential or trade secret information that Visteon shared with Tube Turns Technologies and Midwest Forge from January 2001 through December 2003 regarding either the Long Term Supply Agreement, Visteon's termination or breach of the same or the continued production by Tube Turns or MidWest Forge for Visteon of the part numbers that were the subject of the January 15, 1999 Long Term Supply Agreement.

The record before the Court shows that the government is conducting open file discovery with the Defendants and has provided Defendant Gilford with voluminous discovery, including virtually the entire FBI file. (Docket nos. 37, 50, 56). The instant motion does not show that the subpoenaed materials were not or cannot be provided to Defendant Gilford through the open file discovery. It appears that certain of the requested materials overlap materials which have been provided to the Defendants by the government. For instance, the subpoenas duces tecum seek tapes and transcripts of recorded conversations involving the Defendants, however the parties have previously informed the Court that the government has, through it open file discovery, provided the Defendants access to transcripts of recorded conversations involving the Defendants. (Docket nos. 50, 56). Furthermore, Defendant Gilford's motion makes no showing that subpoenaed materials

such as arbitration records, personnel files, document retention policies, documents related to third party decisions to inform the government of communications between third parties and the Defendants, among others are relevant or evidentiary in nature.

A Rule 17 subpoena duces tecum may not be used to expand discovery in criminal cases. The Court has considered Defendant Gilford's motion and attached subpoenas duces tecum and finds that Defendant Gilford has not made the requisite showing under *United States v. Nixon* for the documents it seeks. Nor given the record has Defendant Gilford satisfactorily shown that it cannot obtain the documents prior to trial through the exercise of due diligence. Additionally, Defendant Gilford has not established that he is entitled to have the documents delivered directly to defense counsel. *See United States v. Keen*, 509 F.2d 1273, 1275 (6th Cir. 1975) (Rule 17(c) permits a subpoena duces tecum to be issued for the purpose of compelling the production of documents at a formal proceeding); *United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Hawai'i 1995) (finding that the court erred in allowing subpoenaed documents to be turned over directly to the defense and not to the court). Furthermore, the Court is not convinced that the subpoena duces tecum directed to Visteon does not seek materials which may contain confidential information. Therefore, pursuant to Rule 17(c)(3), Visteon must be given notice of the motion before any order may issue. The Court will therefore deny Defendant Gilford's motion without prejudice to his refiling his motion upon a stronger showing that the subpoenaed materials meet the requirements of *United States v. Nixon*.

**IT IS THEREFORE ORDERED** that Defendant Gilford's Ex Parte Motion for Issuance of Subpoenas pursuant to Federal Rule of Criminal Procedure 17 (docket no. 29) is **DENIED** without prejudice.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: January 11, 2010              s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record this date.

Dated: January 11, 2010              s/ Lisa C. Bartlett
                                                   Case Manager